Luciano Colón Santiago, Petitioner, *v.* Superior Court
  of Puerto Rico, Mayagüez Part, Ángel Fiol Ne-
  grón, Judge, Respondent. José Sabater and Carlos
  García Méndez, Interveners.

No. 1974.   Argued December 5, 1952.—Decided February 18, 1953.

*Luciano Colón Santiago, pro se.   Carlos García Méndez* and
  *José Sabater, pro se.*

Mr. Chief Justice Snyder delivered the opinion of the
  Court.

This is a petition for certiorari filed in this Court by the
protocol inspector for the southern district to review an order
of the former district court deciding a disagreement between
the inspector and notaries José Sabater and Carlos García
Méndez.[1]

The controversy involves the interpretation of § 14 of the
Act to regulate the notarial profession in Puerto Rico,

---

[1] The case is here pursuant to § 4 of Act No. 389, Laws of Puerto
Rico, 1951, which amends § 38 of the Act to regulate the practice of the
notarial profession in Puerto Rico, approved March 8, 1906, as amended,
and which reads in part as follows:

"If any disagreement should arise between the protocol inspector and
the notary in the course of an inspection, as to the form and manner in
which the latter keeps his protocols and register of affidavits, or as to
compliance with any other provisions of the Notarial Law or of any
other law of Puerto Rico, including those of the notarial tariff, the
inspector shall so state in his report, making a brief exposition of the
facts and of the grounds upon which the controversy is based, which
report shall be submitted to the judicial district of the District Court of
Puerto Rico where the notary practices his profession, so that said court
may, upon hearing both the inspector and the notary, decide the contro-
versy, which decision shall be reviewable by the Supreme Court on appeal
through a writ of certiorari, taken within ten days after the service
of notice thereof."

approved March 8, 1906, as amended by Act No. 7, Laws of Puerto Rico, 1937, and reading as follows:

"Should the parties to the instrument, or any of them, not know how to sign, or be unable to do so, the notary shall state the fact, and one of the witnesses shall sign and affix his initials for the party, and such witness shall precede his signature with a note in his own handwriting that he signs for himself as witness and in the name of the party who does not know how, or is unable, to do so; *Provided, further,* That the party or parties to the instrument who do not know how to sign or are unable to do so, shall stamp their finger-prints on each sheet or page."

Some public deeds executed before the said notaries which were examined by the inspector bore only one thumbprint. The inspector contends that under § 4 as amended both thumbprints should have been affixed to these deeds. The order of the former district court, deciding the disagreement between the inspector and the notaries in favor of the latter, reads in part as follows:

"The question is new in this jurisdiction and is not easy to decide in view of the manner in which § 14 of the Notarial Law is drafted.

"At first blush we seem to be faced with a provision which is clear and free of all ambiguity in that the said § 14 provides that the party who does not know how or is unable to sign shall affix his *'fingerprints'* on each sheet of the deed. Sections 14 and 15, Civil Code, 1930 ed. However, in applying the apparently clear letter of the law, we find that the requirement is that the party who does not know how or is unable to sign shall affix the prints of the ten fingers of both hands and even those of the ten toes of both feet, inasmuch as *'digital'* in Spanish is 'what belongs to or relates to the *'dedos'* and *'dedo'* means 'each one of the five prolonged parts in which the hand and the foot of man terminates, and, in the same or a lesser number, in many animals.' *Diccionario de la Lengua Española, Edición de 1947.* Such an absurd interpretation and application of the law should and can be avoided when we consider the purpose of the legislator which was to give to a notarial deed executed by someone who does not know how or is unable to sign 'the seal of undisputable authenticity', inasmuch as 'fingerprints can

properly take the place of a signature'. *Rosario* v. *Registrar,* 59 P.R.R. 430, 434. Affixing only the thumbprint . . . substantially complies, in our judgment, with the requirement of the statute and makes effective its purpose of achieving authenticity in documents executed by persons who do not know how or are unable to sign . . . See also *De Gala* v. *Gonzales* (1929) 53 Philippine 104, cited in 114 A.L.R. 1116, where it was held that a statute requiring that a will be *'signed'* by the testator is fulfilled when the said testator affixes the print of his right thumb in the space between his given name and surname written by another person. The plural form used in § 14 of the Notarial Law in speaking of 'fingerprints' refers to the different parties who do not know how or are unable to sign the different deeds rather than to a requirement that the notaries shall affix more than one print by a single party.

"We believe it advisable, however, as the Inspector of Protocols suggests, that notaries should affix on deeds, executed by persons who do not know how or are unable to sign, both thumbprints, in order to avoid the possibility that in a disputed case the loss of one of the hands of the party would not thereafter prevent securing proof of the corresponding identification."

We find ourselves in agreement with the above-quoted portion of the order of the lower court and have nothing to add to it. See 10 *Enciclopedia Jurídica Española,* pp. 318, 328, 329.

The inspector calls our attention to § 23 of the Election and Registration Law, Act No. 79, Laws of Puerto Rico, 1919, which provides, for voters desiring to register, that "When the petitioner does not know how or is unable to sign his name he shall make thumb-prints of both thumbs, if possible, at the side of the signature of the witness signing for said voter." But § 23 of Act No. 79 reinforces our view that if the Legislature had intended to provide in § 14 of the Notarial Law that public deeds shall have affixed thereto both thumbprints, it could easily have done so by using clear language similar to that found in § 23 of Act No. 79. While such a requirement may be desirable, § 14 does not so provide.

The writ of certiorari will be discharged.